UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| ALLAN QUIGLEY, II | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-2273-DDC |
| | ) | |
| SPORTING KANSAS CITY SOCCER CLUB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**
**and to**
**SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

Plaintiff, proceeding pro se, asserts claims of slander and libel against Sporting Kansas City Soccer Club and five individual defendants. He has moved to proceed with this action in forma pauperis (ECF No. 3). As discussed below, his motion to proceed in forma pauperis is granted, but he is ordered to show cause by **June 20, 2019**, why this case should not be dismissed for lack of subject-matter jurisdiction.

I.  Motion to Proceed In Forma Pauperis

Upon filing this action, plaintiff moved to proceed in forma pauperis. Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits

an affidavit [asserting] . . . the person is unable to pay such fees or give security therefor."[1] To succeed on a motion to proceed in forma pauperis, the movant must show a financial inability to pay the required filing fees.[2] The decision to grant or deny in-forma-pauperis status under § 1915 lies within the "wide discretion" of the trial court.[3] Based on the information contained in the affidavit accompanying his motion,[4] plaintiff has shown a financial inability to pay the required filing fee. The court therefore grants plaintiff leave to proceed without prepayment of the filing fee pursuant to § 1915(a)(1).

II. Screening under 28 U.S.C. § 1915(e)(2)

When a party is given leave to proceed in forma pauperis, § 1915(e)(2) requires the court to screen the party's complaint to see if it states a claim upon which the court can grant relief. The screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike.[5]

In screening plaintiff's complaint, the undersigned U.S. Magistrate Judge, James P. O'Hara, finds it does not clearly establish this court's subject-matter jurisdiction. The nature of plaintiff's claims indicate plaintiff is attempting to proceed in this court under the diversity jurisdiction granted by 28 U.S.C. § 1332. As applicable here, § 1332 grants the

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *United States v Garcia*, 164 Fed. App'x 785, 786 n.1 (10th Cir. 2006).
[3] *Id.*
[4] ECF No. 3-1.
[5] *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

court jurisdiction in civil actions "between citizens of different states." Plaintiff alleges he is a citizen of Missouri. Thus, for diversity purposes, if either Sporting Kansas City Soccer Club[6] or any of the individual defendants are also citizens of Missouri, the court does not have jurisdiction to hear this case.[7] Plaintiff's complaint suggests defendant Andrea Kimball is a citizen of Missouri.[8] It is silent as to the citizenship of the remaining defendants.

Therefore, by **June 20, 2019**, plaintiff must show cause in writing to the presiding U.S. District Judge, Daniel D. Crabtree, why this case should not be dismissed for lack of subject-matter jurisdiction. If plaintiff does not make a timely showing of jurisdiction, the undersigned recommends the case be dismissed.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the order. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law,

---

[6] The citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where it's incorporated and the state where it's principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). And if the business is an unincorporated association (such as a limited liability company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

[7] Plaintiff could, however, bring the case in state court.

[8] ECF No. 1 at 2.

or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

The Clerk is directed to send a copy of this order to plaintiff by regular and certified mail.

IT IS SO ORDERED.

Dated June 5, 2019, at Kansas City, Kansas.

                                                 s/ James P. O'Hara
                                                James P. O'Hara
                                                U.S. Magistrate Judge