# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALLAN QUIGLEY, II,

        **Plaintiff,**

v.

SPORTING KANSAS CITY SOCCER CLUB, et al.,

        **Defendants.**

Case No. 19-2273-DDC-JPO

## MEMORANDUM AND ORDER

On June 4, 2019, plaintiff Allan Quigley filed a pro se Complaint against six defendants: (1) Sporting Kansas City Soccer Club; (2) Andrea Kimball; (3) Clifford Illig; (4) Pat Curran; (5) Greg Maday; and (6) Robb Heineman. Doc. 1 at 1–2. Plaintiff asserts claims for slander and "injur[y] to another in [his] trade, business, or prof[ ]ession." *Id.* at 3.

On June 5, 2019, Magistrate Judge James P. O'Hara issued an Order to Show Cause to plaintiff. Doc. 4. The Order explained that plaintiff's Complaint does not establish the court's subject matter jurisdiction. *Id.* at 2. Judge O'Hara construed plaintiff's claims as ones attempting to invoke this court's diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 confers federal subject matter jurisdiction on civil actions when the amount in controversy exceeds $75,000 and the matter is "between citizens of different states." 28 U.S.C. § 1332(1). Judge O'Hara explained that plaintiff's Complaint alleges that plaintiff is from Missouri, suggests that at least one defendant—Andrea Kimball—also is a citizen of Missouri, and provides no information about the citizenship of the remaining defendants. *Id.* at 3. Thus, Judge O'Hara found that plaintiff's Complaint did not establish diversity jurisdiction. Because of this

jurisdictional defect, Judge O'Hara ordered plaintiff to show cause in writing by June 20, 2019, why the court should not dismiss plaintiff's case for lack of subject matter jurisdiction. *Id.* at 3.

Judge O'Hara noted in his Order that plaintiff may serve and file objections to the Order under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, within 14 days after service. *Id.* He also advised plaintiff that failing to make a timely objection to the Order would waive any right to appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. *See id.* at 4 (explaining that "[i]f no objections are timely filed, no appellate review will be allowed by any court"). The Clerk sent a copy of the Order to plaintiff by regular and certified mail. *See* Docket Entry for Doc. 4 (stating a copy of the Order was "[m]ailed to pro se party Allan Quigley, II by regular mail and certified mail"); *see also* Doc. 5 (certified mail receipt).

Plaintiff never responded to Judge O'Hara's Order within the 14-day time period for filing objections under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. On June 21, 2019, the court re-docketed Judge O'Hara's Show Cause Order as a Report and Recommendation. Doc. 6.

On June 26, 2019, plaintiff filed a document that the court construes as an untimely response to Judge O'Hara's Order. Doc. 7. Plaintiff's response is difficult to understand. But, as best as the court can discern, plaintiff confirms that defendant Andrea Kimball is a Missouri citizen. *See id.* at 1 ("Plaintiff alleges to be from Missouri and so is defendant 'Andrea Kimball.'"). Plaintiff also explains that Ms. Kimball is "is not on the defendant list" and "would not qualify as owner of Sporting KC." *Id.* Plaintiff identifies the "owners of Sporting KC and Hospitality LLC" as "consisting of [the] Patterson Family, Cliff Illig, Rob Hiddelman, Greg Maday, and Pat Curran." *Id.* Plaintiff asserts that the citizenship of an LLC is "determined by the citizens[hip] of each of the members of Sporting Kansas City Soccer Club." *Id.* Plaintiff

alleges that Cliff Illig resides in Leawood, Kansas. *Id.* But he provides no information about the citizenship of the other members of the LLC or the citizenship of any of the other defendants he has named in this lawsuit.

**I.      Legal Standard**

Fed. R. Civ. P. 72(b)(2) provides that, after a magistrate judge enters a recommended disposition on a dispositive matter, a party may serve and file specific written objections to the magistrate judge's order within 14 days after being served with a copy of the recommended disposition. Then, under Fed. R. Civ. P. 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After making this determination, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). As stated above, an objection is timely if made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Prop.*, 73 F.3d at 1060. If a party fails to make a proper objection, the court

has considerable discretion to review the recommendation under any standard that it finds appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

**II.      Analysis**

Plaintiff filed his response to Judge O'Hara's Order to Show Cause on June 26, 2019—more than 14 days after he was served with the Order on June 5, 2019. Thus, to the extent the court construes plaintiff's filing as an objection to Judge O'Hara's Order, it is untimely. Nevertheless, the court conducts a de novo review of Judge O'Hara's Report and Recommendation. After conducting that review, the court agrees with Judge O'Hara's well-reasoned conclusion that plaintiff has not established diversity jurisdiction, and thus, the court lacks subject matter jurisdiction over plaintiff's lawsuit.

The court recognizes that plaintiff proceeds pro se in this lawsuit. Thus, the court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, even under the most liberal construction afforded to plaintiff's Complaint and his filing, he has not established any basis for subject matter jurisdiction.

The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And, it "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The plaintiff must shoulder the burden

to establish the court's subject matter jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Two federal statutes confer subject matter jurisdiction on federal district courts: federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff fails to allege subject matter jurisdiction under either federal statute.

For a federal court to have federal question jurisdiction, plaintiff must assert a "civil action[ ] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, plaintiff asserts no federal cause of action in his Complaint—instead plaintiff asserts state law causes of action in his Complaint. So, the court lacks federal question jurisdiction.

This holding leaves the alternative of diversity jurisdiction. For a federal court to have diversity jurisdiction, plaintiff must show the amount in controversy exceeds $75,000, and complete diversity of citizenship exists between all plaintiffs and all defendants. 28 U.S.C. § 1332(a). Here, this requirement means plaintiff must allege that he and all defendants are "citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff alleges that he is a Missouri citizen. Doc. 1 at 1, 2; Doc. 7 at 1. So, for complete diversity to exist, no other defendant may reside in Missouri. But plaintiff's Complaint names Andrea Kimball as a defendant. Doc. 1 at 2. And, plaintiff alleges, Ms. Kimball is a Missouri citizen. Doc. 1 at 2 ("The first-named defendant above is . . . a citizen of the State of Missouri."); Doc. 7 at 1 ("Plaintiff alleges to be from Missouri and so is defendant 'Andrea Kimball.'"). From these alleged facts, the court concludes that diversity of citizenship does not exist here.

Plaintiff also has failed to allege any facts for the court to discern the other defendants' citizenship for diversity jurisdiction purposes. So, because plaintiff has failed to establish that

the court has subject matter jurisdiction over this action, the court dismisses the lawsuit without prejudice for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT**, after reviewing the file de novo, the Report and Recommendation issued by United States Magistrate Judge James P. O'Hara on June 21, 2019 (Doc. 6) is **ACCEPTED, ADOPTED and AFFIRMED**. The court dismisses this action without prejudice under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 31st day of July, 2019, at Kansas City, Kansas**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**